Scott D. Swanson (ISB #8156)
Shaver and Swanson, LLP
1509 S. Tyrell Ln. Ste. 100
Boise, Idaho  83706
P.O. Box 877
Boise, Idaho  83701
Phone:  (208) 345-1122
Fax:  (888) 388-6035
Email:  swanson@shaverswanson.com

*Attorney for the Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MACY MILLER, an Individual,  Plaintiff,  v.  STRINGO MEDIA LLC, a Limited Liability Company; and Christopher Butlin, an Individual,  Defendants. | Case No._____  COMPLAINT AND DEMAND FOR JURY TRIAL |

Comes now Plaintiff MACY MILLER, ("Plaintiff"), by and through her undersigned attorneys, for her Complaint for Copyright Infringement against Defendant STRINGO MEDIA LLC, and Christopher Butlin ("Defendants"), and alleges as follows:

## THE PARTIES

1.At all times material hereto, Plaintiff Macy Miller has been a citizen of the State of Idaho.

COMPLAINT - Page 1

2. Upon information and belief, Defendant Stringo is a limited liability company organized under the laws of the State of Washington and having its principal place of business represented to be 1420 5th Ave., Ste. 2200, Seattle, WA 98101-1346, with its Registered Agent being Christopher Butlin, having the same address.

3. Upon information and belief, Defendant Butlin is the "co-founder and CEO" of Stringo Media, LLC.

## JURISDICTION AND VENUE

4. This is a civil action seeking damages and an injunction for copyright infringement under the Copyright Act of the United States to 17 U.S.C. § 101, et seq.

5. This Court has subject matter jurisdiction over the copyright infringement claim pursuant to 28 U.S.C. § 1338(a) and (b).

6. Upon information and belief, this Court has personal jurisdiction over the Defendants because, *inter alia*, Defendants have operated an advertising campaign for LendingTree, LLC and directed the advertising campaign intentionally at residents in the state of Idaho. Upon information and belief, Defendants' actions in directing advertisements at residents of the State of Idaho for the benefit of LendingTree, LLC have generated income and profit for the Defendants.

7. Upon information and belief, venue is proper under 28 U.S.C. §§ 1391(b) and 28 U.S.C. 1400(a) as a substantial part of the events giving rise to the claim occurred in this district, including but not limited to the creation of the image at issue in this lawsuit occurred in this forum, Defendants' online advertising using Plaintiff's copyrighted image directed at consumers located in the State of Idaho, and Plaintiff and its copyright have suffered harm within the state of Idaho.

**BACKGROUND AND FACTUAL ALLEGATIONS**

8. Plaintiff is the owner by assignment of the image protected by U.S. Copyright registration no. VA 2-021-600, attached as Exhibit A, including all rights to said registration.

9. U.S. Copyright registration no. VA 2-021-600 is for the image attached as Exhibit B.

10. The image attached as Exhibit B is a photograph of Plaintiff's residence, a "tiny house" located in Boise, Idaho.

11. Tiny houses are the result of an ongoing social movement in the United States, as well as globally, in which people are choosing to downsize the space in which they live in order to reduce, *inter alia*, their financial expenditure on their living abode, the time required for upkeep of their living abode, and the environmental impact of their living abode.

12. Plaintiff built the tiny house represented in the photograph shown at Exhibit B and hired a professional photographer to take the image shown at Exhibit B.

13. Plaintiff's source of income includes maintaining a website and blog at the url minimotives.com through which she, *inter alia*, publishes stories and information regarding tiny houses and generates advertising revenue by allowing advertisers to advertise on the minimotives.com webpage.

14. At least in part through her website, Plaintiff has been and continues to be an expert and leading figurehead in the tiny house movement, including being a featured speaker at various conventions and other tiny house movement gatherings.

15. Plaintiff has been contacted by major television networks including Home and Garden Television (HGTV) to appear in television shows about Tiny Houses and to have the house depicted in Exhibit B appear in these television shows.

16. Plaintiff utilizes the image of her home shown at Exhibit B as her trademark image, hereinafter "Plaintiff's image," during her appearances at these tiny house conventions and gatherings.

17. Upon information and belief, Defendant Stringo is an online digital marketing agency that provides strategy and consulting services, creative development for advertising campaigns and media planning for clients, including LendingTree, LLC.

18. Upon information and belief, Defendant Butlin is a "co-founder" and the "CEO" of Stringo Media, LLC and participates in and oversees Defendant Stringo's operations.

19. Upon information and belief, Defendants use images in their online advertisements to attract consumers to their client's services.

20. Upon information and belief, Defendant Stringo without authorization utilized Plaintiff's Copyrighted image in a nationwide advertising campaign to promote LendingTree, LLC's business of providing home loans, as illustrated in the attached Exhibit C, including the landing page to which a web user is directed after "clicking" on Plaintiff's image.

21. Upon information and belief, Defendant Butlin directly participated in, directed, and/or supervised the nationwide advertising campaign promoting LendingTree, LLC's business as a corporate officer of Stringo.

22. Upon information and belief, Defendants directed online advertisements directly at consumers in the state of Idaho such that advertisements utilizing Plaintiff's copyrighted image would appear to consumers located in the state of Idaho and would include text reciting the term "Idaho". A true and correct copy of such an advertisement is attached as Exhibit D.

23. Plaintiff has at no time, past or present, given Defendants consent, permission or authorization whatsoever to use Plaintiff's image and is under no obligation to grant Defendants any such consent.

## CAUSES OF ACTION

## COPYRIGHT INFRINGEMENT

## AGAINST ALL DEFENDANTS

24. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 23 as though fully set forth herein.

25. Plaintiff is the sole owner of all right, title and interest in the copyrighted image, which has been registered with the United States Copyright Office and issued as certificate number VA 2-021-600.

26. Defendants unlawfully and willfully copied Plaintiff's copyrighted image in their nationwide online marketing campaign for third party LendingTree, LLC.

27. Through its conduct alleged herein, Defendants have infringed Plaintiff's copyright in the copyrighted image in violation of sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

28. Defendants' acts of infringement are willful, intentional, and purposeful, in disregard of and with indifference to Plaintiff's rights.

29. As a direct and proximate result of said infringement by Defendants, Plaintiff is entitled to her actual damages and Defendants' profits pursuant to 17 U.S.C. § 504(b).

## JURY DEMAND

30. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff requests a jury trial of all issues that may be tried to jury in this action.

## PRAYER FOR RELIEF

A. Defendants be enjoined from copying and using Plaintiff's copyrighted image;

B. Defendants be ordered to pay to Plaintiff all damages suffered by Plaintiff due to Defendants' unlawful acts, with prejudgment interest, as well as account for and pay to Plaintiff all profits that Defendants have enjoyed at Plaintiff's expense through the use of Plaintiff's copyrighted image. At present, Plaintiff cannot ascertain the full extent of their damages but anticipates this information to become known through discovery;

C. Such other relief as the equities of the case may require and as this Court may deem just and proper under the circumstances;

D. Adjudge that Plaintiff be awarded costs and attorneys fees pursuant to 15 U.S.C. § 1117(a).

E. For all other relief the Court deems just and proper.

Dated this 4th day of May, 2018.

SHAVER & SWANSON LLP

By: /s/ Scott D. Swanson
Scott D. Swanson
Attorney for Plaintiff